**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DIANA WISE, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 24-cv-0941-SMY |
| vs. ) ) | |
| CAPITAL ONE FINANCIAL CORP. and CAPITAL ONE, N.A., ) ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Diana Wise brings this putative class action on behalf of Illinois consumers, alleging violations of Illinois Consumer Fraud and Deceptive Business Practices Act, and asserting claims for unjust enrichment and breach of contract resulting from Defendants' alleged misrepresentations and omissions concerning the interest rate paid and their deceptive and unfair conduct in setting the rate.

Now pending before the Court is a motion to intervene and stay the proceedings filed by several proposed intervenors ("Movants") (Doc. 23).  Plaintiff does not oppose the motion, and Defendants seek to join the motion (Doc. 26).  For the following reasons, Defendants' Motion for

Joinder is **GRANTED**, Movants' Motion to Intervene is **GRANTED**, and the Motion to Stay is also **GRANTED**.

<u>Discussion</u>

**Motion to Intervene**

The court may permit a movant to intervene in a suit "when an applicant's claim or defense and the main action have a question of law or fact in common."  Fed. R. Civ. P. 24(b)(1)(B). Additionally, under Federal Rules of Civil Procedure 24(b)(3), the Court has a duty to "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).  As such, a movant filing a Rule 24(b) motion to intervene must demonstrate that there is "(1) a common question of law or fact, and (2) independent jurisdiction." *Security Ins. Co. of Hartford*, 69 F.3d 1377, 1381 (7th Cir. 1995).

Movants herein are individual customers of Defendants, whose claims share common questions of law and fact with Plaintiff.  And diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 between Movants, Plaintiff, who is a citizen of Illinois and Defendants, who are citizens of Delaware and Virginia.  Therefore, intervention is appropriate and will be permitted.

**Motion to Stay**

Before the commencement of the instant lawsuit, six other virtually identical class actions were filed against the defendants in federal courts across the country, including *Savett v. Capital One, N.A. and Capital One Financial Corp.*, No. 1:23-cv-00890-RDA-WBP (E.D. Va.) and

*Hopkins v. Capital One, N.A. et al.*, No. 1:24-cv-00292-RDA-LRV (E.D. Va.).  On March 20, 2024, Defendants petitioned the Judicial Panel on Multidistrict Litigation ("JPML") to consolidate *Savett* and *Hopkins* with cases filed in the Southern District of Ohio, the Eastern District of New York, the Central District of California, and the District of New Jersey. *See In Re: Capital One 360 Savings Account Interest Rate Litig.*, J.P.M.L. Case No. 3111 (filed Mar. 20, 2024).

The JPML has scheduled a hearing on the matter for May 30, 2024.  In the interest of preserving judicial resources, Movants request the instant proceedings be stayed pending the JPML's resolution of the pending petition to consolidate.  Should the JPML deny Defendants' motion to consolidate, Movants request the instant proceedings be stayed pending resolution of the motion to dismiss which was filed in *Savett v. Capital One, N.A. and Capital One Financial Corp.,* No. 1:23-cv-00890-RDA-WBP (E.D. Va.).

Courts "have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Stone v. I.N.S.*, 514 U.S. 386, 411 (1995) (*quoting Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936)). In evaluating a motion to stay, courts consider whether the stay will: (1) "simplify the issues in question and streamline the trial," (2) "reduce the burden of litigation on the parties and on the court[,]" and (3) "unduly prejudice or tactically disadvantage the nonmoving party[.]" *Genzyme Corp. v. Cobrek Pharm., Inc.*, 2011 WL 686807, at *1 (N.D. Ill. Feb. 17, 2011).  Here, the Court

finds that judicial economy weighs in favor of staying the proceedings herein pending resolution of the matters currently before JPML.

Moreover, a stay in these proceedings pursuant to the first-to-file doctrine will promote judicial economy and safeguard the rights and interests of the Movants (now Intervenors) and proposed classes in *Savett* and *Hopkins*. *See Guill v. Alliance Resource Partners, L.P.*, Case No. 16-CV-0424-NJR-DGW, 2017 U.S. Dist. LEXIS 44578 (S.D. Ill. Mar. 27, 2017); *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Both the *Savett/Hopkins* and *Wise* Actions assert claims that Capital One failed to make good faith interest payments to its 360 Savings depositors after introducing 360 Performance Savings. The issues arising from these claims – whether Capital One failed to exercise its discretion to adjust the interest rate as required by an agreement stating that it is subject to Virginia law – are identical for both actions. As such, the anticipated ruling on the pending motion to dismiss in *Savett* may be dispositive of *Wise*'s claims herein, and no party will be prejudiced by the requested stay.

## Conclusion

For the foregoing reasons, the Motion to Intervene and Stay Proceedings (Doc. 23) is **GRANTED in its entirety**. All proceedings and deadlines in this case are stayed pending resolution of the petition to transfer before the JPML. The parties are **ORDERED** to file a status

report, advising the Court of the decision of the JPML within 3 days thereafter.  Defendants'
Motion for Joinder in Plaintiff's Motions (Doc. 26) is also **GRANTED**.

       **IT IS SO ORDERED.**

       **DATED:  May 15, 2024**

       **STACI M. YANDLE**
       **United States District Judge**